# IN THE COURT OF APPEALS OF IOWA

No. 15-1388
Filed March 22, 2017

**BALAH HASSON RUSHING,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Arthur E. Gamble, Judge.

Balah Rushing appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Gary D. Dickey of Dickey and Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., Vogel, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MAHAN, Senior Judge.**

In 2014, Balah Rushing pled guilty to second-degree robbery and was sentenced to serve ten years in prison, with a mandatory minimum of seven years. *See* Iowa Code § 902.12 (2013). At the time he committed the offense, Rushing was eighteen years and seven months old. Rushing did not appeal his conviction. In 2015, Rushing filed an application for postconviction relief, relying on *State v. Null*, 836 N.W.2d 41, 76-77 (Iowa 2013), and claiming his sentence was "unlawful due to his young age and . . . in violation of the due process and cruel and unusual punishment clauses in the Iowa Constitution and the United States Constitution." *See* U.S. Const. amend. VIII; Iowa Const. art. I, § 17. Following a hearing, the district court denied Rushing's claim, observing "*Null* and its progeny have only applied to juvenile offenders." On appeal, Rushing asks this court to "exercise its independent judgment" and extend the holding of *State v. Lyle* to "youthful offenders under age twenty-one." *See* 854 N.W.2d 378, 400 (Iowa 2014) (holding all mandatory minimum sentences for juvenile offenders are unconstitutional).

Like the district court, we are not free to ignore controlling supreme court precedent. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). In *Null*, 836 N.W.2d at 71, as well as *State v. Pearson*, 836 N.W.2d 88, 96 (Iowa 2013), and *State v. Ragland*, 836 N.W.2d 107, 121 (Iowa 2013), the court created a constitutional right to an individualized sentencing hearing for juveniles sentenced to a lengthy term of years without the meaningful opportunity for release. The court's rationale was based primarily on two facts: (1) "new" scientific evidence showing "the human brain continues to mature into the early

twenties"; and (2) a finding that young people generally "lack the ability to properly assess risks and engage in adult-style-self-control." *Null*, 836 N.W.2d at 55. Subsequently, in *Lyle*, the court extended *Pearson*, *Ragland*, and *Null*, and held "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." 854 N.W.2d at 400. The court reasoned that "[m]andatory minimum sentences for juveniles are simply too punitive for what we know about juveniles." *Id.* But the court in *Lyle* specifically stated:

> [O]ur holding today has no application to sentencing laws affecting adult offenders. Lines are drawn in our law by necessity and are incorporated into the jurisprudence we have developed to usher the Iowa Constitution through time. This case does not move any of the lines that currently exist in the sentencing of adult offenders.

854 N.W.2d at 403; *see State v. Sweet*, 879 N.W.2d 811, 839 (Iowa 2016) (declining to abandon the reasoning and holding in *Lyle*).

Accordingly, we affirm the district court's denial of Rushing's application for postconviction relief.

**AFFIRMED.**